**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4363**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ARDELL CANADY,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-02-127)

───────────

Submitted:  May 31, 2005          Decided:  July 13, 2005

───────────

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────

William T. Peregoy, Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

After a trial ending in a mistrial, James Ardell Canady pled guilty to participating in a conspiracy to possess with intent to distribute and distribute more than 50 grams of crack cocaine, 21 U.S.C. § 846 (2000) (Count One); possession of more than 5 grams of crack with intent to distribute, 21 U.S.C. § 841 (2000) (Counts Two and Four); and using or carrying a firearm during a drug offense, 18 U.S.C. § 924(c) (2000) (Count Three). The district court departed downward based on Canady's substantial assistance, U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2003), and sentenced him to a term of 300 months imprisonment on Counts One, Two, and Four, and a consecutive five-year term on Count Three. Canady appeals his sentence. Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Canady argues for the first time on appeal that his sentence is unconstitutional. He also contends that the district court clearly erred in determining that he was a leader or organizer and in denying him an adjustment for acceptance of responsibility. Canady does not challenge his conviction. For the reasons explained below, we affirm the conviction, but vacate the sentence and remand for resentencing.

Because Canady did not rely on Blakely in the district court, we review for plain error. Fed. R. Crim. P. 52(b); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held

- 2 -

that <u>Blakely</u> applies to the federal sentencing guidelines and that the mandatory guidelines scheme which provides for sentence enhancements based on facts found by the court violated the Sixth Amendment; the Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. 125 S. Ct. at 746-48, 755-56 (Stevens, J.); 756-57 (Breyer, J.). Subsequently, in <u>Hughes</u>, this court held that a sentence that was imposed under the pre-<u>Booker</u> mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury, constitutes plain error that affects the defendant's substantial rights and warrants reversal under <u>Booker</u> when the sentence "exceeded the maximum allowed based on the facts found by the jury alone" and the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. <u>Hughes</u>, 401 F.3d at 546-47, 556.

Canady's offense level was increased based on the quantity of crack involved and because the court found that he was a leader in the offense. His guilty plea established that he conspired to distribute more than fifty grams of crack and, at sentencing, he conceded that there was evidence to support the recommended base offense level of 38. USSG § 2D1.1(c)(1) (more than 1.5 kilograms of crack). Because Canady did not contest the amount of crack on which the base offense level was calculated, the

base offense level was not determined on facts found by the judge, and no Sixth Amendment violation occurred.

The court did make the factual finding that Canady was a leader or organizer in the conspiracy. Although Canady contends on appeal that the district court's finding was clearly erroneous, the district court had before it information indicating that thirteen named individuals sold drugs for Canady in a charged conspiracy that lasted from 1991 to 2002. An agent from the North Carolina State Bureau of Investigation testified at Canady's sentencing hearing that Canady supplied drugs to an open-air drug market in Jacksonville, North Carolina, and was in a leadership position over at least five people. On this evidence, the district court did not clearly err in finding that Canady had a leadership role.

However, without the role adjustment, Canady's offense level would have been 38 rather than 42 and his guideline range (with criminal history category III) would have been 292-365 months rather than 360 months to life. Thus, the maximum sentence authorized by Canady's admissions was 365 months. Hughes, 401 F.3d at 547. The 300-month sentence, which resulted in part from judicial fact-finding and in part from a downward departure, was within the guideline range authorized by the facts Canady admitted. But had the court used a guideline range of 292-365 months and departed by sixty months, the sentence would have been 232 months.

Under Booker, the district court's fact finding concerning Canady's role constituted error, and the error is plain. We conclude that the error was prejudicial because Canady's 300-month sentence for the drug counts was longer than it would have been without the Sixth Amendment violation and thus his substantial rights were affected. Hughes, 401 F.3d at 548-49. We therefore exercise our discretion to notice the error, vacate the sentence, and remand for resentencing consistent with Booker.[*] Id. at 556.

In a letter filed pursuant to Fed. R. App. P. 28(j), Canady argues that any sentence imposed under the mandatory guideline scheme should be vacated and remanded for resentencing. A defendant making this claim must also show plain error, including actual prejudice. United States v. White, 405 F.3d 208, 223-25 (4th Cir. 2005). Canady cannot show prejudice because the district court expressed no desire to impose a lesser sentence than the mandatory guidelines permitted. Id. at 224-25.

With respect to the district court's decision that Canady was not entitled to an adjustment for acceptance of responsibility, we conclude that the court did not clearly err. United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999) (standard of review); USSG

---

[*]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Canady's sentencing. Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal).

§ 3E1.1, comment. (n.2) (2003) (defendant who puts the government to its burden of proof at trial before pleading guilty usually is not entitled to an adjustment for acceptance of responsibility).

Accordingly, we vacate the sentence and remand the case for resentencing consistent with Booker and Hughes. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED