**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-4145

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ARDELL CANADY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:02-cr-00127-F-1)

———————

Submitted:  August 31, 2006          Decided:  September 20, 2006

———————

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William T. Peregoy, LAW OFFICE OF WILLIAM T. PEREGOY, Wilmington,
North Carolina, for Appellant.  George E. B. Holding, Acting United
States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Ardell Canady appeals his 315-month prison sentence resulting from his conviction for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (2000), possessing with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000), distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000), and use of a firearm during a drug conspiracy in violation of 18 U.S.C. § 924(c) (2000).[*] Finding no error, we affirm.

Canady contends that the district court imposed his sentence in violation of United States v. Booker, 543 U.S. 220 (2005). After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining the sentence, however, courts are still required to calculate and consider the guidelines range, as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. In sentencing defendants after Booker, district courts should apply a preponderance of the evidence standard, taking into account that the resulting guideline range is advisory only. United States v.

_____

[*]Canady was initially sentenced to a total prison term of 360 months. On appeal, we vacated Canady's sentence and remanded for resentencing. See United States v. Canady, No. 04-4363 (4th Cir. July 13, 2005) (unpublished).

Morris, 429 F.3d 65, 72 (4th Cir. 2005). We will affirm a post-Booker sentence if it is within the statutorily prescribed range and is reasonable. Hughes, 401 F.3d at 546-47.

Here, the district court correctly calculated Canady's range under the now-advisory sentencing guidelines using a preponderance of the evidence standard. After giving due consideration to the § 3553(a) factors, the district court then sentenced him within the statutorily prescribed range for his offenses and below the range provided for by the sentencing guidelines. Canady has not rebutted the presumption that the district court imposed a reasonable sentence.

We also reject Canady's argument that the district court failed to follow this court's mandate when it conducted the resentencing proceeding on remand. The district court fully complied with this court's direction that it "determine the appropriate sentencing range under the guidelines, making all the factual findings appropriate for that determination."

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED